UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AUSTIN FOGARTY<br>INMATE #418031<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 | CIVIL NO.: |
| | DATED: |
| VS. | JURY TRIAL DEMANDED |
| CAPTAIN GORDILS<br>GARNER CORRECTIONAL<br>50 NUNNAWAUK RD.<br>NEWTOWN, CT. 06470 | **ORIGINAL COMPLAINT IN DAMAGES** |
| C.O. BLEAKUS<br>GARNER CORRECTIONAL<br>50 NUNNAWAUK RD.<br>NEWTOWN, CT. 06470 | JANE DOE, R.N.<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 |
| C.O. LOPEZ (FEMALE)<br>GARNER CORRECTIONAL<br>50 NUNNAWAUK RD.<br>NEWTOWN, CT. 06470 | |
| C.S. GRIMALDI<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 | |
| LT. LEGASSEY<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 | |
| C.O. STANLEY<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 | |
| C.O. LAHDA<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 | |
| LISA CANDELARIO, R.N.<br>MACDOUGALL CORRECTIONAL<br>1153 EAST ST. SOUTH<br>SUFFIELD, CT. 06080 | |

**PARTIES:**

1. At all times herein mentioned the plaintiff, Austin Fogarty (Fogarty), is and was an inmate, #418031, incarcerated within and for the State of Connecticut (the state). In the custody and care of the Department of Correction (the department, D.O.C.). Currently being housed at the MacDougall Correctional Institute (MacDougall).

2. At all times herein mentioned the defendant, Captain Gordils (Gordils), is and was a Correctional Officer (C.O.) with the department. Having duties, obligations rank and responsibilities as a Captain, in the intelligence unit at the Garner Correctional Institute (Garner), located at 50 Nunnawauk Rd., Newtown, CT. 06470. Gordils is being sued herein in his individual and official capacity.

3. At all times herein mentioned the defendant, C.O. Bleakus (Bleakus), is and was a C.O. at Garner, as member of the intelligence unit. Bleakus is being sued herein in his individual and official capacity.

4. At all times herein mentioned the defendant, C.O. Lopez (Female)(Lopez), is and was a female C.O. at Garner, as member of the intelligence unit. Lopez is being sued herein in her individual and official capacity.

5. At all times herein mentioned the defendant, C.S. Grimaldi (Grimaldi), is and was a C.O., at MacDougall; holding rank, duties and obligations as a Counselor Supervisor (C.S.) and inmate housing Unit Manager of the Michael-2 (M2) housing unit. Grimaldi is being sued herein in an individual and official capacity.

6. At all times herein mentioned the defendant, Lt. Legassey (Legassey), is and was a C.O., at MacDougall; holding rank, duties and obligations as a Lieutenant (Lt.) and member of the intelligence unit. Legassey is being sued herein in an individual and official capacity.

7. At all times herein mentioned the defendant, C.O. Stanley (Stanley), is and was a C.O., at MacDougall; holding rank, duties and obligations as a member of the intelligence unit. Stanley is being sued herein in an individual and official capacity.

8. At all times herein mentioned the defendant, C.O. Lahda (Lahda), is and was a C.O., at MacDougall; holding rank, duties and obligations as a member of the intelligence unit. Lahda is being sued herein in an individual and official capacity.

9. At all times herein mentioned the defendant, Lisa Candelario (Candelario), is and was a medical staff member providing medical care to inmates, at MacDougall, as a nurse. Candelario is being sued herein in an individual and official capacity.

10. At all times herein mentioned the defendant, Jane Doe (Doe), is and was a medical staff member providing medical care services to inmates, at MacDougall, as a nurse. Doe is being sued herein in an individual and official capacity.

**COUNT ONE:**

11. On or about January 5, 2023, the plaintiff was an resident of the M2 housing unit at MacDougall.

12. Plaintiff sat quietly speaking of the inmate telephones within the housing unit.
13. Suddenly, Fogarty was attacked by inmate Tyree Davis, an inmate whom he knew to be from Ohio and transferred to this state pursuant to the terms of the Interstate Compact; and stabbed 6 different times.
14. Fogarty had witnessed Tyree Davis (Davis) on several occasions prior to the assault yelling and screaming at several staff, including the unit manager, whom he believes and thereby alleges was Grimaldi that he wanted to go back into "A.S.", which is "Administrative Segregation" (A.S.); because he did not feel safe.
15. Davis repeatedly warned the staff members that if he was not returned to A.S., he was going to "stab someone".
16. However, staff ignored the threats leveled by Davis, despite directives of the department requiring that inmates whom make threats of harm to themselves or another inmate be placed into the Restrictive Housing Unit (RHU), and despite knowing that Davis was on single cell status, because he had previously stabbed numerous cellmates. Killing, at least 2 of those cellmates.
17. Although Fogarty was not a cellmate of Davis's, staff members, including Grimaldi; knew that Davis and Fogarty had been in a verbal altercation only days prior and Davis was threatening to "F--k [Fogarty] up".
18. The defendants knew or should have known that Davis posed an imminent risk to Fogarty's safety and well being.
19. Defendants knew or should have known that their actions, or lack thereof would cause Fogarty harm and injury.
20. Fogarty was harmed and injured as a direct and proximate cause of the defendants actions, or lack thereof; including receiving 6 stab wounds, 4 of which will leave permanent scarring; extreme pain and suffering for weeks as the wounds healed.
21. Therefore, plaintiff prays this court grant the following relief:

(a) Compensatory damages of $250,000.00

(b) Punitive Damages of $250,000.00

(c) costs and attorney fees

(d) such other and further relief as this court deems just and equitable.

## LEGAL CLAIMS

22. The defendants conduct as herein alleged constitutes as deliberate indifference to the safety of Fogarty in violation of the Eighth Amendment to the United States Constitution and Article First §§8 and 9 of the State of Connecticut COnstitution.

23. The defendants conduct also constitutes as the negligent infliction of emotional distress under pendente jurisdiction.

### COUNT TWO:

1-24. Paragraphs numbering 1-23 of the foregoing are incorporated here by reference as if set forth at length and made a part hereof this the Second Count.

25. Plaintiff believes and thereby alleges that his assault was an orchestrated conspiracy to retaliate against him and punish him for exercising his rights not to make incriminating statements against himself.

26. Prior to being transferred to MacDougall, Fogarty was at Garner, where he was accused of having an intimate relationship with a female officer, and found in possession of a cellphone.

27. Gordils, Bleakus and Lopez each attempted, jointly and severely, to intimidate Fogarty into making statements against the officer, who was forced to retire.

28. When Fogarty refused, knowing he would be making a statement against himself, Gordils, Bleakus and Lopez each threatened Fogarty, saying that one way or another they would get him for "corrupting their officer".

29. Subsequently, Fogarty was transferred to MacDougall.
30. Shortly after arriving at MacDougall, Fogarty was interviewed jointly and severely by Legassey, Stanley and Lahda.
31. Each of these defendants told Fogarty that one way or another, they were going to get him to write a statement about the officers conduct, which Fogarty continued to refuse to write.
32. Stanley threatened Fogarty saying that no matter what, from then on Fogarty "was always going to be a target".
33. Following the assault by Davis, Fogarty was again interviewed by Stanley and Lahda, who asked if Fogarty was "ready to write that statement now"?
34. Fogarty complained that Davis had been allowed out of the RHU several days prior instead of being placed in A.S., when he was threatening to stab someone.
35. Stanley replied that they told Davis that he could not be placed into A.S. unless he did stab someone.
36. Then, Lahda completed the sentiment saying, "he told us he could not stand living around you!", and laughed.
37. Plaintiff believes and thereby alleges that the defendants: Gordils, Bleakus, Lopez, Grimaldi, Legassey, Stanley, and Lahda conspired to use Davis as a weapon to punish and retaliate against him for refusing to write an incriminating statement against himself and the officer from Garner.
38. Defendants knew or should have known that their actions or lack thereof would cause harm and injury to Fogarty.
39. Fogarty was harmed and injured as herein alleged.
40. Therefore, plaintiff prays this court grant the following relief:
    (a) Compensatory damages of $250,000.00
    (b) Punitive damages

(c) Injunctive relief commanding the defendants enjoined from retaliating against Fogarty for the exercise of any of his many rights and privileges, including the filing of this action, and;

(d) costs and attorney fees, and;

(e) such other and further relief as this court deems just and equitable.

## LEGAL CLAIMS

41. The defendants actions, or lack thereof, constitutes as retaliation in violation of the First and Fourteenth Amendments right to free speech, right of access to the courts, right to a redress of grievances and due process.

42. Defendants actions, or lack thereof constitute as a violation of Fogarty's right against self incrimination under the Fifth Amendment to the United States Constitution.

## **COUNT THREE:**

1-43. Paragraphs numbering 1-42 of the foregoing are incorporated here by reference as if set forth at length and made a part hereof this the Third Count.

44. After the assault, Fogarty learned that Davis had stabbed him using a piece of chain-link fencing.

45. Neither Fogarty, or any staff member of the department; knew whether or not Davis had maliciously contaminated the fencing or whether the instrument had any other source of contamination.

46. Upon the assault, Fogarty was taken to medical where he was supposed to be treated for his injuries.

47. Fogarty was examined by Candelario and Doe, neither of whom cleaned or bandaged either of the wounds, leaving them open and bleeding.

48. Candelario and Doe never even attempted to give Fogarty a tetanus shot or booster.

49. Instead, Candelario and Doe simply released Fogarty for placement in the RHU, pending an investigation.

50. It was several days before anyone would finally bandage and treat Fogarty.

51. During this period, Fogarty sat in a filthy cell in the RHU, without any of the basic necessities for caring for his injuries, leaving Fogarty suffering severe emotional distress believing he may get tetanitis, severe infections and permanent scarring.

52. Defendants knew or should have known that their actions or lack thereof would cause Fogarty harm and injury.

53. Fogarty was harmed and injured when his wounds took longer to heal, left permanent scarring and was left in extreme pain without any form of pain management.

54. Further, Fogarty was harmed suffering extreme anxiety and distress believing he may have greater injuries from the lack of treatment and believing that this lack of treatment may be in furtherance of the conspiracy to retaliate against him for exercising his right not to write an incriminating statement.

55. Therefore, plaintiff prays this court grant the following relief:
    (a) Compensatory damages of $250,000.00
    (b) Punitive damages of $250,000.00
    (c) Costs and attorney fees, and;
    (d) injunctive relief commanding defendants enjoined from retaliating against him or denying him adequate medical care, for exercising any of his many rights and privileges, including the filing of this action.
    (e) Such other and further relief as this court deems just and equitable.

## LEGAL CLAIMS

56. The defendants actions, or lack thereof, constitutes as deliberate indifference to plaintiff's serious medical needs in violation of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and Article First §§8 and 9 of the State of Connecticut Constitution.

57. Defendants actions, or lack thereof, as herein described constitutes as retaliation in violation of the right to free speech, right to redress of grievances and right of access to the courts under the First and Fourteenth Amendments to the United States Constitution and Article First §§1, 10 and 14, of the State of Connecticut Constitution.

## PREVIOUSLY DISMISSED ACTIONS AND APPEALS

58. Plaintiff hereby states that he has not had 3 or more prior actions dismissed as frivolous, malicious or for failure to state a claim, such as to subject him to the 3 strikes rule of Title 42 U.S.C. §1915.

## PRIOR PENDING ACTION

59. Plaintiff hereby states that he has not brought any prior actions on the same set of facts herin-above.

## JURISDICTION AND VENUE

60. This action is brought for the redress of constitutional violations pursuant to 42 U.S.C. §1983, under color of state law.

61. This court has jurisdiction pursuant to 28 U.S.C. §1331, because it presents a federal question; §1343(a), for civil rights violations, and; §1391(b)(2), whereas the events giving rise to this action occurred in the District of Connecticut.

To further issue, count or cause the plaintiff sayeth naught.

### DECLARATION UNDER PENALTY OF PERJURY

62. I hereby declare under penalty of perjury that I am the plaintiff in the above complaint that I have read the foregoing and the contents thereof are true and correct to the best of my knowledge and belief and to those alleged upon information and belief I believe them to be true and correct. I understand that if I lie in this complaint I may be prosecuted for perjury and punished with as much as five (5) years in prison and/or fined up to $250,000.00.

I therefore set forth my hand this 27 day of May, 2023, executed at Suffield, Connecticut    By _____
Austin Fogarty #41803
1153 East St. South
Suffield, CT. 06080